UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERRY HARDMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) CAUSE NO. 3:16-CV-800-RLM-MGG |
| v. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Jerry Hardman, a prisoner proceeding without an attorney, filed a habeas corpus petition challenging the prison disciplinary hearing (WCC 16-06-163) in which a disciplinary hearing officer found him guilty of attempting to traffic in violation of Indiana Department of Correction policy A-111. He was sanctioned with the loss of 60 days earned credit time and was demoted from Credit Class 1 to Credit Class 2. Mr. Hardman raises three grounds in his petition, which he claims entitle him to habeas corpus relief.

In Ground One, Mr. Hardman argues that he improperly received two separate conduct reports and two subsequent sanctions for incidents that were all part of one trafficking scheme. The Department of Correction prohibits inmates from "[e]ngaging in trafficking (as defined in IC 35-44.1-3-5) with anyone who is not an offender residing in the same facility." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. Indiana law defines "trafficking" as follows:

> (b) A person who, without the prior authorization of the person in charge of a penal facility or juvenile facility, knowingly or intentionally:
> 
> (1) delivers, or carries into the penal facility or juvenile facility with intent to deliver, an article to an inmate or child of the facility;
> 
> (2) carries, or receives with intent to carry out of the penal facility or juvenile facility, an article from an inmate or child of the facility; or
> 
> (3) delivers, or carries to a worksite with the intent to deliver, alcoholic beverages to an inmate or child of a jail work crew or community work crew...

Ind. Code § 35-44.1-3-5 (West). IDOC A-111, the offense Mr. Hardman was convicted of committing, prohibits offenders from "[a]ttempting or conspiring or aiding and abetting with another to commit any Class A offense." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. Trafficking is a Class A offense. Id.

The Conduct Report charged Mr. Hardman as follows:

> On[June 5, 2016] at approximately 3:40pm offender Hardman, Jerry doc# 978729 approached me, Ofc Johnson at 10 dorm checkpoint door and handed me a note that spoke about me engaging in trafficking with him in order to make money.

ECF 4-1. The note Mr. Hardman gave to Officer Johnson stated:

> Check dis out superstar. Dig, I got a lot I need to say to you and we just haven't been afforded the opportunity to kick it so hopefully, you can pull something from this. A lot of people round here think highly of you but instead of expressin it to you they act like lil kids and keep yo name in they mouths around anybody. So, I want to be as discreet as possible to ensure that both of us remain safe. Security is everything, so I'm go be focused on us being able build, in a way that no one can see. I know, you know the game, so nobody can repeat what they never hear or see. I ain't go to put you out there, neither am I gonna put myself out there. My goal is to first protect you, protect us, and then get money. My charger fucked up at the moment

so I ain't go be able to dialogue wit you like I'd like to tonight but still get at me. I'm getting a new charger tomorrow so we can really chop it up and I can share some real shit wit you. I want you at yo best and I know you like the finer things, so we gotta be smart because all they do is talk around here. I'm go show you that I wanna fuck wit you and wit me, one plus one should always add up to two. But make sure you get at me, so I can give you the run down on what's going on around us so we know how to move around all the fake shit.

ECF 4-6 at 1.

Mr. Hardman claims that his discipline in this case is cumulative of his discipline in another case, WCC 16-06-162, in which he was charged and disciplined for the following incident:

> On[June 5, 2016] at approximately 7:30am offender Hardman, Jerry doc# 978729 stated to me, Officer Johnson, by the officer station that he has a proposition for me that could make me and him some money. He further stated that he has a cell phone and he will give me some cash money to purchase a disposable phone to contact him on tonight, to discuss the proposition.

Hardman v. Superintendent, 3:16-cv-801-RLM-MGG, (N.D. Ind. Filed Nov. 25, 2016) ECF 6-1.

Mr. Hardman's argument in Ground One amounts to a claim that he was disciplined twice for the same conduct in violation of the Double Jeopardy Clause. The Double Jeopardy Clause doesn't apply in the context of prison discipline. Meeks v. McBride, 81 F.3d 717, 722 (7th Cir. 1996) ("the Double Jeopardy Clause does not apply to prohibit the successive prison disciplinary proceedings at issue in this case"); Portee v. Vannatta, 105 F. App'x 855, 858 (7th Cir. 2004) ("double jeopardy protections do not attach in prison disciplinary proceedings") (unpublished). Even if double jeopardy applied in this context, Mr. Hardman's

3

disciplinary citation in this case didn't violate double jeopardy principles. Double jeopardy only prohibits *successive* proceedings. Hudson v. United States, 522 U.S. 93, 99 (1997). Mr. Hardman's discipline wasn't successive; he was tried and found guilty of both violations on the same day. Further, "[w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366 (1983); United States v. Hatchett, 245 F.3d 625, 630 (7th Cir. 2001). In both cases, Mr. Hardman was found guilty of violating IDOC A-111. The maximum allowable sanction for violating A-111 is a one-grade demotion in Credit Class and the loss of six-months worth of earned credit time. The Disciplinary Code for Adult Offenders. http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders__6-1-2015.pdf. In this case, Mr. Hardman was sanctioned with the loss of 60 days earned credit time, and received a one-grade demotion in Credit Class. In WCC 16-06-162, Mr. Hardman was sanctioned with the loss of 30 days earned credit time. Hardman v. Sup't, 3:16-cv-801-RLM-MGG, ECF 6-4 at 1. The aggregate of both sanctions was still well below the maximum allowable sanction for his offense, and didn't violate the Double Jeopardy Clause. The discipline stemmed out of two different events, one involving a face-to-face conversation and the other communicated through a letter. Ground One doesn't identify a basis for habeas corpus relief.

In Grounds Two and Three, Mr. Hardman argues that he is entitled to habeas corpus relief because of the ineffectiveness of the prison administrative appeals process. In Ground Two, he claims that he didn't receive a final administrative appeal decision from the prison. In Ground Three, he claims that the hearing officer didn't provide him with a written decision until after his time to file an administrative appeal had expired. Neither of these claims identify a basis for habeas corpus relief. Prisoners don't have a constitutional right to an effective prison grievance system. Kervin v. Barnes, 787 F.3d 833, 835 (7th Cir. 2015) ("the inadequacies of the grievance process itself, as distinct from its consequences, cannot form the basis for a constitutional claim"). Because the Respondent hasn't asserted an exhaustion defense, Mr. Hardman's access to his administrative appeals has no bearing on his federal habeas corpus claim. Furthermore, while offenders are entitled to a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken, see Wolff v. McDonnell, 418 U.S. 539, 563 (1974), there is no due process time-frame in which such a report must be provided.

Mr. Hardman argues that the deficiencies in the appeals process amounted to a violation of Department of Correction policy. The Department of Correction's failure to follow its own policy doesn't rise to the level of a constitutional violation. Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); Keller v. Donahue, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies had "no bearing on his

5

right to due process"). Mr. Hardman's allegations about his access to the grievance process did not implicate any of the procedural due process rights enumerated in Wolff v. McDonnell, 418 U.S. 539, so he isn't entitled to habeas corpus relief.

The court DENIES the petition for writ of habeas corpus(ECF 1). The clerk shall enter judgment accordingly.

SO ORDERED.

ENTERED: September 5 , 2017.    /s/ Robert L. Miller, Jr.
                                                         Judge
                                                         United States District Court